**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

TRUSTEES OF THE WELFARE, PENSION
AND ANNUITY FUNDS OF LOCAL NO.
ONE, I.A.T.S.E.,

                     Plaintiffs,

                -against-

TAYLOR PRODUCTIONS, LLC,

                     Defendant.

**COMPLAINT**

**Case No.**

Plaintiffs, the Trustees of the Welfare, Pension and Annuity Funds of Local No. One, I.A.T.S.E. (the "Funds"), by their attorneys Spivak Lipton LLP, bring this action to collect delinquent employee benefit plan contributions owed by Defendant Taylor Productions, LLC ("Defendant" or "Defendant Taylor Productions"). Complaining of Defendant, Plaintiffs respectfully allege as follows:

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over the instant action pursuant to Sections 502(a)(3), 502(e)(1), and 502(f) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1132(a)(3), 1132(e)(1), and 1132(f).

2. Venue is proper in the Southern District of New York pursuant to ERISA Section 502(e)(2), 29 U.S.C. § 1132(e)(2).

**PARTIES**

3. At all relevant times, Plaintiffs have administered and now administer the Funds.

4. The Funds were each established by separate Agreements and Declarations of Trust (the "Trust Agreements"), which have been amended from time to time.

5.      The Funds are "employee benefit plans" established under Section 302(c)(5) of the Labor Management Relations Act, 29 U.S.C. § 186(c)(5), within the meaning of Sections 3(1), 3(2), 3(3) and 502(d)(1) of ERISA, 29 U.S.C. §§ 1002(1), 1002(2), 1002(3) and 1132(d)(1). The Funds are administered at 320 West 46th Street, New York, New York 10036.

6.      Upon information and belief, at all times relevant hereto, Defendant Taylor Productions was and is a domestic limited liability company organized and existing under the laws of the State of New York, with its principal place of business at 182 Morris Ave #3, Holtsville, New York 11742.  At all times relevant hereto, Defendant Taylor Productions was engaged in the business of providing staging, sound, and lighting services for events, and was and is, upon information and belief, an employer engaged in an industry affecting commerce within the meaning of Sections 3(5), 3(11), 3(12) and 4(a)(1) of ERISA, 29 U.S.C. §§ 1002(5), 1002(11), 1002(12) and 1003(a)(1).

**FACTS**

7.      At all relevant times, Theatrical Protective Union Local No. One, IATSE ("Local One") was the exclusive collective-bargaining representative of certain employees of Defendant Taylor Productions.

8.      At all relevant times, Local One and Defendant Taylor Productions were parties to a collective bargaining agreement ("CBA") covering employees represented by Local One and employed by Defendant Taylor Productions.

9.      Specifically, Defendant Taylor Productions and Local One were parties to a CBA covering employees represented by Local One and employed by Defendant Taylor Productions for work at the "Blue Point 420 Shakedown" in Patchogue, New York, with a term of April 17, 2024 through April 22, 2024 (the "Agreement").  Section 17 of the Agreement required Defendant Taylor

Productions to make pension, welfare, and annuity contributions to the Funds on behalf of employees working under the Agreement.  Such contributions were due no later than the 20th day of the month following the month in which the work was performed.

10.　　On behalf of employees who performed work for Defendant Taylor Productions under the Agreement from April 17, 2024 through April 22, 2024, Defendant Taylor Productions was obligated to make contributions to the Funds of an estimated total sum of $14,341.90, consisting of welfare contributions in the estimated amount of $6,556.16, pension contributions in the estimated amount of $2,868.62, and annuity contributions in the estimated amount of $4,917.12.

11.　　Defendant Taylor Productions has failed to make any of the contributions owed to the Funds under the Agreement.

12.　　Section 17(e) of the Agreement also required Defendant Taylor Productions to submit to the Funds completed payroll remittance reports together with the contributions.

13.　　Defendant Taylor Productions has failed to submit any completed payroll remittance reports to the Funds in connection with the work performed under the Agreement.

14.　　Plaintiffs have adopted policies and procedures governing the collection of contributions owed to the Funds by contributing employers (the "Contributions Procedures"), which have been amended from time to time.

15.　　The Contributions Procedures provide that interest on delinquent contributions accrues at the prime rate as published by the Wall Street Journal plus 2%, determined at the beginning of each calendar quarter, with a minimum interest payment of $50.00 for each late notice sent to the employer by the Funds.  The Contributions Procedures further provide that interest shall accrue from the due date until the date they are paid in full.

16.    On or about August 22, 2024 and September 16, 2024, the Funds notified Defendant Taylor Productions by email of the delinquent amounts and requested payment.

17.    On or about July 7, 2025, counsel for the Funds sent a letter by email to Defendant Taylor Productions demanding payment to the Funds of the delinquent amounts.  The letter stated that the Funds would seek authorization from the Funds' Board of Trustees to commence litigation if payment was not made.  The letter also informed Defendant Taylor Productions of the damages that could be awarded to the Funds in an action filed pursuant to ERISA.

### Violations and Harm

18.    Defendant's failure to make required payments violates the above-described CBA, the Trust Agreements, the Contributions Procedures, and applicable provisions of ERISA.  Plaintiffs seek enforcement of these provisions pursuant to Section 502(a)(3)(b)(ii), 29 U.S.C. §1132(a)(3)(b)(ii).

19.    As a result of the above-described omissions, breaches, and violations by Defendant, Plaintiffs may be required either to:  (a) deny plan benefits to plan participants employed by Defendant for whom contributions have not been made, thereby causing to such participants substantial and irreparable harm, or (b) provide plan benefits to participants employed by Defendant, notwithstanding Defendant's failure to make the required contributions, thereby reducing the corpus of such Funds and endangering the rights of other plan participants on whose behalf full contributions have been made, all to their substantial and irreparable injury.

20.    Plaintiffs, in their behalf, and on behalf of all plan participants (i.e. industry employees) for whose benefit the Funds were established, have requested Defendant perform its obligations, but Defendant has failed to perform as herein alleged.

4

21.    Plaintiffs are without an adequate remedy at law and will suffer immediate, continuing and irreparable injury and damage unless Defendant is ordered to specifically perform all its obligations required under the above-described CBA, the Trust Agreements, and ERISA, and are restrained from continuing to fail to perform as thereunder required.

## CAUSE OF ACTION

22.    Plaintiffs repeat and reallege all the allegations of Paragraphs 1 through 21 inclusive.

23.    Defendant is liable to Plaintiffs under Section 515 of ERISA, 29 U.S.C. § 1145 for failure to timely pay benefit fund contributions on behalf of its employees and related sums in the following amounts:

(a)    $14,341.90 in unpaid contributions to the Funds pursuant to 29 U.S.C. § 1132(g)(2)(A);

(b)    interest on all unpaid contributions through the date of the judgment pursuant to 29 U.S.C. § 1132(g)(2)(B);

(c)    liquidated damages of an amount equal to the greater of 20% of the unpaid contributions or the interest on the unpaid contributions pursuant to 29 U.S.C. § 1132(g)(2)(C);

(d)    attorneys' fees pursuant to 29 U.S.C. § 1132(g)(2)(D);

(e)    costs of this action pursuant to 29 U.S.C. § 1132(g)(2)(D);

(f)    all additional attorneys' fees and costs incurred in the enforcement and collection of a judgment in this action.

## RELIEF REQUESTED

WHEREFORE, Plaintiffs respectfully request a judgment against Defendant:

(a)     for unpaid contributions to the Funds in the amount of $14,341.90, along with any

additional unpaid contributions as of the date of judgment, pursuant to 29 U.S.C.

§ 1132(g)(2)(A);

(b)     for interest on said unpaid contributions to the Funds pursuant to 29 U.S.C.

§ 1132(g)(2)(B);

(c)     for liquidated damages pursuant to 29 U.S.C. § 1132(g)(2)(C);

(d)     for costs, including reasonable attorneys' fees, incurred in the prosecution of this

action pursuant to 29 U.S.C. § 1132(g)(2)(D), and incurred in the enforcement

and collection of a judgment in this action;

(e)     that Defendant be specifically ordered to pay to Plaintiffs the required contributions

due and owing as of the present date, as well as all contributions that may be due and

owing as of the date of entry of judgment, together with applicable interest,

liquidated damages, costs, and fees; and

(f)     for such other and further relief as the Court may deem just and proper.

Dated:  New York, New York
        April 8, 2026

Respectfully submitted,

*/s/ Nicholas J. Johnson*

Nicholas J. Johnson
SPIVAK LIPTON LLP
1040 Avenue of the Americas, 20th Floor
New York, NY 10018
Ph: 212- 765-2100
Fax: 212-765-8954
njohnson@spivaklipton.com

*Attorneys for Plaintiffs Trustees of the*
*Welfare, Pension and Annuity Funds of*
*Local No. One, I.A.T.S.E.*

6